IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------  X
                                                  :
NICE BLENDS CORP.                                 :
                                                  :
              Plaintiff,                          :     Civil Action No:
                                                  :
       v.                                         :     Jury Trial Demanded
                                                  :
MAXIMUM QUALITY FOODS INC.                        :
                                                  :
              Defendant.                          :
                                                  :
------------------------------------------------  X
```

FILED
JAN 18 2006
USDC WP SDNY

'06 CIV 00380

JUDGE PRESKA

## COMPLAINT

Plaintiff, NICE BLENDS CORP. ("Plaintiff"), by and through its attorneys, for its

complaint against Defendant, MAXIMUM QUALITY FOODS INC. ("Defendant"),

hereby alleges as follows:

## NATURE OF ACTION

1. In this action, Plaintiff seeks injunctive relief, lost profits, damages, costs and

   attorneys' fees for Defendant's acts of trademark infringement, service mark

   infringement, false designation of origin, false description, and unfair

   competition, pursuant to the Lanham Act §§ 35 and 43(a), 15 U.S.C. §§ 1117 and

   1125 *et seq.*; trademark dilution, service mark dilution, deceptive acts and

   practices, injury to business reputation, and unfair competition, under the

   common law and statutes of the State of New York; and an order directing the

   cancellation of the federal trademark registration issued to Defendant Maximum

   Quality Foods Inc.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

3.  This Court also has original jurisdiction of this action pursuant to 28 U.S.C § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

4.  The actions of Defendant complained of herein have been and continue to be committed, at least in part, within the Southern District of New York.

5.  Upon information and belief, Defendant contracts to supply Services and sell Goods, and transacts business in the State of New York and within this judicial district, and the tortious acts of Defendant complained of in this Complaint, including, without limitation, the sale of Defendant's infringing goods and services, have been and continue to be committed, and have caused harm to Plaintiff, within the State of New York and within this judicial district. Accordingly, personal jurisdiction exists over Defendant pursuant to CPLR §§ 301 and 302(a).

6.  Venue is proper in this district pursuant to 28 U.S.C. §1391.   The actions of Defendant complained of herein have been and continue to be committed, at least in part, within this judicial district.

## THE PARTIES

7.  Plaintiff is a corporation organized and existing under the laws of the State of New York, having its principal place of business in the Bronx, New York.

8.   Upon information and belief, Defendant is a corporation duly organized and existing under the laws of the State of New Jersey, having its principal place of business in Linden, New Jersey.

## BACKGROUND INFORMATION

9.   Plaintiff owns, operates and/or licenses fast food restaurants that feature chicken with its poultry breading (the "Services").

10.  Plaintiff also develops and markets fish and poultry breadings (the "Goods").

11.  In connection with its Services, Plaintiff is the owner of the U.S. Trademark Registration No. 2,902,649 for the service mark TEXAS CHICKEN & Design (the "Service Mark") in International Class 43, registered on November 16, 2004. A copy of this registration is attached hereto as Exhibit A.

12.  Plaintiff has used the Service Mark continually in interstate commerce since at least 1991, and is currently making such use. A copy of a specimen showing use of the Service Mark is attached hereto as Exhibit B.

13.  Plaintiff is the owner of Trademark Application Serial No. 76/324,148 for TEXAS CHICKEN CHICKEN BREADING for use in connection with the Goods, in International Class 30. A copy of the trademark application is attached hereto as Exhibit C.

14.  Plaintiff has used the trademark TEXAS CHICKEN CHICKEN BREADING in interstate commerce on or in connection with the Goods since at least as early as 1982, and is currently making such use. A copy of a specimen showing use of the trademark is attached hereto as Exhibit D. The specimen shows use of the

trademark TEXAS CHICKEN CHICKEN BREADING in a design format similar

to that registered for Plaintiff's Service Mark TEXAS CHICKEN & Design.

15. Plaintiff is the owner of Trademark Application Serial No. 76/327,728 for the

trademark TEXAS BREADING for use in connection with the Goods, in

International Class 30.  A copy of the trademark application is attached hereto as

Exhibit E.

16. Plaintiff has used the trademark TEXAS BREADING in interstate commerce on

or in connection with the Goods since at least as early as 1982, and is currently

making such use.  A copy of a specimen showing use of the trademark is attached

hereto as Exhibit F.  (Plaintiff's trademarks TEXAS CHICKEN CHICKEN

BREADING, TEXAS CHICKEN CHICKEN BREADING & Design (as depicted

in Exhibit D), and TEXAS BREADING are collectively and individually referred

to as the "Trademarks").

17. Plaintiff's use of its registered Service Mark has been open, notorious, and

continuous since at least a time prior to any of the acts and registration of

Defendant complained of herein.

18. The Service Mark, as applied to the Services, is an inherently distinctive and

strong Service Mark, generally and within the food industry.

19. Because of Plaintiff's long, exclusive and extensive use and promotion of the

Service Mark, the Service Mark has become distinctive and famous, and indicate

Plaintiff as the single source of origin of Plaintiff's Services.

20. Plaintiff's use of the Trademarks has been open, notorious, and continuous since at least a time prior to any of the acts and registration of Defendant complained of herein.

21. The Trademarks, as applied to the Goods, are inherently distinctive and strong Trademarks.

22. Because of Plaintiff's long, exclusive and extensive use and promotion of the Trademarks, the Trademarks have become distinctive and famous, and indicate Plaintiff as the single source of origin of Plaintiff's Goods.

23. Defendant is identified as the record owner of U.S. Registration No. 2,896,045 ("Defendant's Registration") for the trademark TEXAS BREADER ("Defendant's Word Mark") for "flour-based coating for chicken" in International Class 30 ("Defendant's Goods"). A copy of this registration is attached hereto as Exhibit G.

24. Prior to Defendant's use of Defendant's Infringing Marks (defined below), in or about February 2001, Defendant purchased a significant quantity of Plaintiff's Goods bearing Plaintiff's Trademarks, including, but not limited to TEXAS CHICKEN CHICKEN BREADING & Design.

25. Upon information and belief, Defendant applied to register Defendant's Word Mark on or about February 8, 2001, based on Defendant's intent-to-use the mark.

26. Upon information and belief, Defendant subsequently filed a Statement to Use with the U.S. Patent and Trademark Office ("PTO") on or about July 26, 2004, in which it alleged, under oath, a date of first use of Defendant's Word Mark in interstate commerce of April 12, 2001.

27. Upon information and belief, and according to the PTO's records, Defendant's Word Mark was registered on October 19, 2004.

28. Upon information and belief, Defendant began using Defendant's Word Mark in interstate commerce no earlier than its claimed first use date of April 12, 2001.

29. Upon information and belief, Defendant began using the mark TEXAS BREADER & Design ("Defendant's Design Mark"), at or about the same time as it commenced use of Defendant's Word Mark on Defendant's Goods. A copy of a specimen showing Defendant's Design Mark is attached hereto as Exhibit H. (Defendant's Design Mark and Defendant's Word Mark are collectively and individually referred to as "Defendant's Infringing Marks").

30. Plaintiff's date of first use in interstate commerce predates any use by Defendant of Defendant's Infringing Marks.

31. Defendant's Infringing Marks are both confusingly similar to Plaintiff's Trademarks and Service Mark.

32. Defendant's Word Mark, TEXAS BREADER, and the word portion of Defendant's Design Mark, also TEXAS BREADER, are both nearly identical to Plaintiff's Trademark TEXAS BREADING in appearance, pronunciation and meaning.

33. Defendant's Word Mark, TEXAS BREADER, and the word portion of Defendant's Design Mark, also TEXAS BREADER, are both substantially similar to Plaintiff's Trademark TEXAS CHICKEN CHICKEN BREADING and Plaintiff's Service Mark TEXAS CHICKEN & Design, in appearance, pronunciation and meaning.

34. The first and most dominant portion of Defendant's Word Mark and the word portion of Defendant's Design Mark is the term "Texas."

35. According to the PTO records, in Defendant's Registration, Defendant disclaimed the exclusive right to use the term "breader" apart from the mark as shown.

36. The term "Texas" is also the first and most dominant portion of all of Plaintiff's Trademarks and its Service Mark, namely, TEXAS BREADING, TEXAS CHICKEN CHICKEN BREADING, TEXAS CHICKEN CHICKEN BREADING & Design, and TEXAS CHICKEN & Design.

37. The term "Breader" in Defendant's Word Mark and in Defendant's Design Mark is substantially similar to the term "Breading" in Plaintiff's Trademarks TEXAS BREADING, TEXAS CHICKEN CHICKEN BREADING, and TEXAS CHICKEN CHICKEN BREADING & Design.

38. Defendant's Registration for Defendant's Word Mark has been cited by the PTO Examining Attorney as a bar to Plaintiff's registration of both TEXAS BREADING and TEXAS CHICKEN CHICKEN BREADING, and thus the Examining Attorney has found the marks to be confusingly similar.

39. Defendant's Design Mark TEXAS BREADER & Design is nearly identical to Plaintiff's Service Mark TEXAS CHICKEN & Design, except for Plaintiff's use of the descriptive term "chicken" and Defendant's use of the descriptive term "breader" in the same place.  The design portion is nearly identical and both include the dominant term "Texas" in the same location on the design.

40. Defendant's Design Mark TEXAS BREADING & Design is substantially and confusingly similar to Plaintiff's trademark TEXAS CHICKEN CHICKEN

BREADING & Design.  In fact, the design portion is nearly identical, both include the dominant term "Texas" in the same location on the design, and in actual use, both appear in red on a tan background.  (See Exhibits D and H.)

41. Defendant's Goods, namely, "flour-based coating for chicken," are a subset of Plaintiff's Goods, namely, "fish and poultry breadings," and thus Defendant's Goods are virtually identical to Plaintiff's Goods.

42. Defendant's Goods are of a type that likely would be distributed and sold through the same channels of trade as Plaintiff's Goods, and to the same class of purchasers as Plaintiff's Goods.

43. Upon information and belief, Defendant currently sells Plaintiff's Goods, with Plaintiff's Trademarks, as well as Defendant's Goods, with Defendant's Infringing Marks, to Defendant's customers.

44. In view of the similarity of the respective marks and the similarity and related nature of the goods and services of the respective parties, Defendant's Infringing Marks so resemble Plaintiff's Trademarks and Service Mark, all used in the United States well prior to Defendant's date of first use, as to be likely to cause confusion or mistake, or to deceive.

45. Any defect, imperfection, objection or fault found with Defendant's Goods will necessarily adversely reflect upon and seriously injure the reputation and good will of Plaintiff, which Plaintiff has worked hard to establish.

## COUNT I
## INFRINGEMENT OF PLAINTIFF'S TRADEMARKS AND
## REGISTERED SERVICE MARK

46. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-45 as if fully set forth herein.

47. For the many years since Plaintiff commenced use of the Trademarks and Service Mark, the trade, industry and public have associated and attributed usage of Plaintiff's Trademarks and Service Mark to Plaintiff and Plaintiff alone, so that the trade in general and the purchasing public in particular have come to know and recognize Plaintiff's Trademarks and Service Mark, and that Plaintiff's Goods and Services originate from and belong solely to Plaintiff.

48. Plaintiff's Trademarks and Service Mark are symbolic of and represent the extensive good will and consumer recognition developed and fostered by Plaintiff through and after substantial amounts of time, effort, labor, advertising, promotion, other financial expenditures, and sales of Plaintiff's Goods and Services.

49. Without the authorization or consent of Plaintiff, and after Plaintiff developed and fostered extensive and valuable business and goodwill in connection with its Trademarks and Service Mark, Defendant commenced to use, in interstate commerce, Defendant's Infringing Marks, marks that are confusingly similar to Plaintiff's Trademarks and Service Mark, in connection with Defendant's Goods.

50. Upon information and belief, Defendant adopted Defendant's Infringing Marks with intent to deceive customers and to cause confusion among purchasers, for the purpose of benefiting from the good will and public recognition associated with

Plaintiff's Trademarks and Service Mark, and of diverting sales from Plaintiff to Defendant.

51. The aforementioned acts of Defendant have caused and will continue to cause actual confusion and a likelihood of confusion in the minds of the trade and the public, and will continue to damage Plaintiff's good will and reputation.

52. The acts of Defendant constitute service mark and trademark infringement, false designation of origin, false reputation, and unfair competition, by inducing the erroneous belief that Defendant's Goods bearing Defendant's Infringing Trademarks are in some manner affiliated with, originate from, or are sponsored by Plaintiff, in violation of Lanham Act §§ 35 and 43(a), 15 U.S.C. §§ 1117 and 1125(a).

53. The acts of Defendant have caused irreparable harm and damage to Plaintiff and will continue to cause irreparable harm to Plaintiff.

54. Plaintiff has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

55. Notwithstanding the inadequacy of and the difficulty of ascertaining Plaintiff's monetary damages caused by Defendant's wrongful conduct, Plaintiff believes and alleges that said conduct has resulted in irreparable, direct and proximate monetary damages to Plaintiff, in an amount thus far not determined. Plaintiff seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, when ascertained.

56. Upon information and belief, Defendant will continue to infringe Plaintiff's rights unless enjoined by this Court.

57. Based on Defendant's acts of infringement, Plaintiff is entitled to preliminary and permanent injunctive relief, in addition to monetary damages.

58. Based on Defendant's acts of willful infringement, Plaintiff additionally is entitled to treble monetary damages, and its costs and attorney's fees.

## COUNT II
## MISREPRESENTATION OF ORIGIN

59. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-58 as if fully set forth herein.

60. Defendant's website contains one or more representation that it sells one or more of Plaintiff's goods, that it sells its own goods, and that it sells goods of other entities.

61. At least one of the goods on Defendant's website represented to be that of Plaintiff are, in fact, goods of Defendant.  Thus, Defendant is passing off goods of Defendant as that of Plaintiff.

62. At least one of the goods represented to be that of Defendant are, in fact, goods of Plaintiff. Thus, Defendant is passing off goods of Plaintiff as that of Defendant.

63. The aforementioned acts of Defendant have caused and will continue to cause a likelihood of confusion in the minds of the trade and the public, and will damage Plaintiff's reputation for providing high quality goods.

64. The acts of Defendant constitute false designation of origin by inducing the erroneous belief that Defendant's Goods are in some manner affiliated with,

originate from, or are sponsored by Defendant, in violation of Lanham Act § 43(a), 15 U.S.C. § 1125 (a).

65. Defendant's unlawful actions have interfered with Plaintiff's sales, have unfairly diverted sales to Defendant and have caused Plaintiff monetary damages in an amount thus far not determined.  Plaintiff seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages when ascertained.

66. The unlawful acts of Defendant have caused and will continue to cause irreparable harm and damage to Plaintiff, its reputation and good will and the commercial value of his intellectual property.

67. Plaintiff has no adequate remedy at law for the injury alleged in this count, as said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

68. Upon information and belief, Defendant will continue to infringe Plaintiff's rights unless enjoined by this Court.

69. Based on Defendant's acts of infringement, Plaintiff is entitled to preliminary and permanent injunctive relief, in addition to monetary damages.

70. Based on Defendant's acts of willful infringement, Plaintiff additionally is entitled to treble monetary damages, and its costs and attorney's fees.

## COUNT III
## CANCELLATION OF DEFENDANT'S TRADEMARK REGISTRATION & DECLARATION OF INVALIDITY AND UNENFORCEABILITY

71. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-70 as if fully set forth herein.

72. Defendant purports to be the owner of Defendant's Registration, United States Trademark Registration No. 2,896,045, for Defendant's Word Mark, TEXAS BREADER.

73. Defendant's Registration is not "incontestable" under the Lanham Act, and thus may be canceled for any permitted reason.

74. Defendant's Word Mark, as represented in the Registration, does not identify a single source of origin for the goods offered by Defendant.

75. Defendant is not the proper and lawful owner of Defendant's Word Mark represented in the Defendant's Registration.

76. Upon information and belief, Defendant committed fraud upon the PTO by asserting it its trademark application for Defendant's Word Mark, under oath, that "the undersigned believes the applicant to be entitled to use the mark sought to be registered in commerce; to the best of the undersigned's knowledge and belief, no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive," when Defendant knew of Plaintiff's Trademarks and Service Mark, which were substantially and confusingly similar to Defendant's Word Mark.

77. Defendant's false statements to the PTO, even without more, are sufficient grounds to cause cancellation of Defendant's Registration.

78. Defendant's Registration should be cancelled because Defendant's Word Mark is confusingly similar to Plaintiff's Service Mark and Plaintiff's Trademarks, for

related services and identical goods, and Plaintiff's Service Mark and Plaintiff's

Trademarks were in use in interstate commerce prior to both Defendant's filing

date for the application and the date of first use of Defendant's Word Mark.

79. Upon information and belief, Defendant intentionally ceased all use of

Defendant's Word Mark and Defendant's Design Mark, with no intention to

resume use thereof at any time in the future.

80. Upon information and belief, Defendant intentionally abandoned Defendant's

Word Mark and Defendant's Design Mark.

81. For all of the foregoing reasons, and pursuant to 15 U.S.C. §§ 1064 and 1119,

Defendant's Registration must be canceled, and Defendant's Word Mark, as well

as Defendant's Design Mark (which includes as a major component Defendant's

Word Mark), must be declared invalid and unenforceable.

## COUNT IV
## DILUTION AND DECEPTIVE ACTS AND PRACTICES

82. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-81 as if

fully set forth herein.

83. If Defendant's Infringing Marks are allowed to continue, the contemporaneous

use and registration of Defendant's Word Mark and use of Defendant's Design

Mark for Defendant's Goods will dilute Plaintiff's prior rights, and eventually

result in the loss of distinctiveness and exclusivity of Plaintiff's Trademarks and

Service Mark, and thus the failure of the same to indicate Plaintiff as a source of

origin of Plaintiff's Goods and Services.

84. Upon information and belief, Defendant adopted Defendant's Infringing Marks with the intent to deceive customers and to cause confusion among purchasers, for the purposes of benefiting from the good will and public recognition associated with Plaintiff's Trademarks and Service Mark, and diverting sales from Plaintiff to Defendant.

85. Upon information and belief, Defendant's Registration was obtained by fraud and/or misconduct perpetrated on the PTO, in that Defendant intentionally deceived the PTO into believing that it was entitled to use Defendant's Word Mark, and that it knew of no entity that had the right to use the mark in commerce, either in identical form or in such near resemblance as to be likely to cause confusion or mistake, or to deceive.

86. Registrant certified in the declaration portion of its trademark application, Application Serial No. 76/206,826 that it was "entitled to use the mark [TEXAS BREADER] sought to be registered in commerce, and to the best of its knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

87. Defendant was fully aware of Plaintiff's prior use of TEXAS BREADING, as Defendant had purchased Plaintiff's Goods that utilized the mark from Petitioner.

88. The acts and conduct of Defendant are willful, unfair, untrue and deceptive, in that they tend to mislead, deceive and confuse, and will have the result of

misleading, deceiving and confusing the public to believe that Defendant and/or

Defendant's Goods bearing Defendant's Infringing Marks are affiliated with,

sponsored or controlled by Plaintiff.  As a consequence, Defendant has traded

upon, and gained public acceptance and other benefits from Plaintiff's favorable

reputation, which has accordingly been placed at risk by Defendant's illegal acts

and conduct.

89. The foregoing acts of Defendant constitute willful, deceptive acts and practices in

the conduct of business, trade and/or commerce, in violation of New York Gen.

Bus. Law § 349, for which Plaintiff is entitled to injunctive relief, actual damages,

treble damages, punitive damages, and attorney's fees and costs.

90. The foregoing acts of Defendant constitute infringement in violation of New York

Gen. Bus. Law § 360-k, for which Plaintiff is entitle to injunctive relief, profits,

and damages.

91. The foregoing acts of Defendant have created and will continue to create a

likelihood of injury to the public image and business reputation of Plaintiff, in that

the public will likely associate Defendant's Infringing Marks and Defendant's

Goods bearing said marks with Plaintiff's Trademarks and Service Mark and

Plaintiff's Goods and Services bearing said marks, causing the dilution of the

distinctive quality of Plaintiff's Trademarks and Service Mark, all in violation of

New York Gen. Bus. Law § 360-1, for which Plaintiff is entitled to injunctive

relief.

## COUNT V
## COMMON LAW INFRINGEMENT,
## UNFAIR COMPETITION. AND INTERFERENCE

92. Plaintiff repeats and realleges each allegation contained in paragraphs 1-91 as if fully set forth herein.

93. Defendant's use of Defendant's Infringing Marks constitutes trademark infringement and service mark infringement, in violation of the common law of the State of New York.

94. Upon information and belief, Defendant has intentionally misappropriated Plaintiff's Trademarks and Service Mark with the intent of causing confusion, mistake and deception as to the source of Defendant's Goods bearing Defendant's Infringing Marks with the intent to palm-off its infringing goods as those of Plaintiff's, and as such, Defendant has committed unfair competition in violation of the common law of the State of New York.

95. Upon information and belief, Defendant has intentionally misappropriated Plaintiff's Trademarks and Service Mark with the intent of causing confusion, mistake and deception as to the source of Plaintiff's Goods bearing Plaintiff's Trademarks with the intent to palm-off Plaintiff's Goods as those of Defendant, and as such, Defendant has committed unfair competition in violation of the common law of the State of New York.

96. The foregoing acts of Defendant have injured and will continue to injure Plaintiff by depriving it of sales of its genuine goods and services, by injuring its business reputation, and by passing off Defendant's infringing goods as Plaintiff's genuine goods, all in violation of the common law of the State of New York.

97. Defendant's acts have caused irreparable harm and damage to Plaintiff and have

caused Plaintiff's monetary damage in an amount thus far not determined, for

which Plaintiff is entitled to its actual damages, Defendant's profits, punitive

damages, attorney's fees and costs.

98. Plaintiff has no adequate remedy at law.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

A. That Defendant's conduct infringes Plaintiff's Trademarks and Service

Mark, falsely designates the origin of Defendant's goods, falsely describe

such goods, and unfairly competes with Plaintiff, all in violation of

Lanham Act §§ 35 and 43(a), 15 U.S.C. §§ 1117 and 1125 (a).

B. That Defendant's conduct violates the provisions of New York Gen. Bus.

Law §§349, 360-k, and 360-1 and constitutes trademark infringement,

dilution, and unfair competition under the common law of the State of

New York.

C. That Defendant and its agents, officers, directors, servants, employees,

attorneys, their successors and assigns, and all others in active concert of

participation with Defendant be preliminarily and permanently enjoined

from directly or indirectly:

    i.  Using Plaintiff's Trademarks and Service Mark, or any other

marks which are similar to or are colorable imitations of Plaintiff's

Trademarks and Service Mark, alone or as a part of or together

with any other designs, word or words, trademark, service mark,

trade name, trade dress or other business or commercial designation or any logo, symbol, or design;

ii.  Committing any act that, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of Defendant's Services;

iii.  Otherwise unfairly competing with Plaintiff or committing dilution or infringement of Plaintiff's rights.

D.  That the Court issue an Order directing Defendant to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendant of such injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

E.  That the Court issue an order directing the Commissioner of Patents and Trademarks to cancel Defendant's Registration.

F.  That the Court declare Defendant's Infringing Marks invalid and unenforceable.

G.  That the Court award judgment in favor of Plaintiff for the amount of either damages sustained by Plaintiff or the profits made by Defendant as a result of Defendant's wrongful conduct, whichever amount is greater.

H.  That the Court award judgment in favor of Plaintiff in the amount of treble damages.

I.  That the Court award judgment against Defendant for the full costs of this
    action, including reasonable attorney's fees.

J.  That the Court award to Plaintiff punitive damages sufficient to deter
    Defendant from committing such willful acts of infringement in the future.

K.  That this Court require a full and complete accounting of all monies
    received by Defendant as a result of the sale of Defendant's Infringing
    Goods.

L.  For interest on all amounts found to be due to Plaintiff from Defendants, at
    the prevailing rate, from the date said amounts or any part thereof became
    or become due.

M.  That the Court require Defendant to notify their commercial associates,
    suppliers and customers of this Order.

N.  That the Court order such other, further and different relief as the nature of
    this action may require and that the Court may deem just and proper.

O.  That the Court retain jurisdiction of this action for the purposes of
    enabling Plaintiff to apply to the Court, at any time, for such further orders
    and directions as may be necessary or appropriate for the interpretation or
    execution of any order entered in this action, for the modification of any
    such order, for the enforcement or compliance therewith and for the
    punishment of any violations thereof.

Dated:  Scarsdale, New York
        January 17, 2006

                                    Respectfully submitted,

                                    LACKENBACH SIEGEL, LLP

                                    By: _____
                                    Myron Greenspan (MG 7347)
                                    Robert B. Golden (RG 6157)
                                    Cathy E. Shore-Sirotin (CS 0682)
                                    *Attorneys for Plaintiff*
                                    One Chase Road
                                    Scarsdale, New York 10583
                                    (914) 723-4300
                                    (914) 723-4301 (fax)